IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| TAPETHA R. SPENCER, | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION NO. 00-PWG-0069-S |
| MERCEDES-BENZ U.S. INTERNATIONAL, | ) |
| Defendant. | ) |

## MEMORANDUM OF OPINION

This action is before the magistrate judge pursuant to the written consent of the parties to the exercise of jurisdiction by the magistrate judge. 28 U.S.C. § 636(c) and LR 73.2. (Document #10). On January 10, 2000 Tapetha R. Spencer, plaintiff, filed this action pursuant to Title VII of the Civil Rights Act of 1964 alleging pregnancy discrimination. On July 28, 2000 defendant Mercedes-Benz U.S. International filed a motion for summary judgment which is now before the court.

Defendant alleges that plaintiff's complaint is due to be dismissed as untimely because it was filed more than ninety (90) days after plaintiff received her Notice of Right to Sue and EEOC determination. See 42 U.S.C. § 2000e-5(f)(1); *Zillyette v. Capital One Fin. Corp.*, 179 F.3d 1337, 1339 (11th Cir. 1999). It is undisputed that plaintiff received the EEOC Dismissal & Notice of Right to Sue on October 9, 1999. (See defendant's Exhibit 5). The notice clearly states "If you decide to sue, you must sue WITHIN 90 DAYS from your receipt of this Notice; otherwise, your right to sue is lost." (Defendant's Exhibit 3).

In her brief plaintiff states:

> On October 9, 1999, I (plaintiff) received the
> Dismissal and Notice of Rights letter from the EEOC.

> I was apprehensive about filing a charge against the defendant for various reasons; however, when I made a decision to file a charge in Federal Court, I was unable to contact an attorney who was suppose to "take the case." Nevertheless, I felt strongly about the actions the defendant had taken during my pregnancy, and that just "letting it be a bygone" would not suffice. After agonizing about the heartache I felt, and the pain and suffering I was put through (as well as other women I had been well informed about) for simply carrying out the most natural stage of life-producing/carrying a child by defendant, I relentlessly made an effort to file a charge. Finally, I called the clerks' office for information. Later, on January 10, 2000, I traveled to Birmingham to the Federal Court Building to verify again information conveyed to me via telephone. Again, I spoke with the clerk whom I had initially spoken with. I did file my complaint on January 10, 2000, 93 days later which is past the 90-day time period. However, after verifying and discussing at length with attendants of the clerks office the Holidays involved in this particular time period where the Court was closed on a few weekdays, and that the fact that the 8th of January, 2000 fell on the weekend which would have met the 90 day time deadline in spite of the Holiday closings, I filed the complaint on the last possible day.

Although plaintiff recognizes that the complaint was filed ninety-three (93) days after receipt of the right to sue letter, she appears to argue that the complaint would have been timely on January 8, 2000 and that as January 8, 2000 fell on a Saturday, she could have filed her complaint on Monday. January 8, 2000 was ninety-first (91st) day.

> Rule 6(a), *Federal Rules of Civil Procedure*, provides:
>
>> In computing any period of time prescribed or allowed by these rules, by the local rules of any district court, by order of court, or by any applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included. <u>The last day of the period so</u>

2

> computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday, or, when the act to be done is the filing of a paper in court, a day on which weather or other conditions have made the office of the clerk of the district court, inaccessible, in which event the period runs until the end of the next day which is not one of the aforementioned days. When the period of time prescribed or allowed is less than 11 days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation.

(Emphasis added).

The ninetieth (90th) day in which to file a lawsuit fell on Friday, January 7, 2000. Plaintiff filed this action on Monday, January 10, 2000. The complaint was clearly untimely.

The court construes plaintiff's opposition to include an argument that the ninety (90) days was subject to equitable tolling based upon her conversations with employees of the clerk's office. In *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96 (1990), the Supreme Court held:

> Indeed, we have held that the statutory time limits applicable to lawsuits against private employers under Title VII are subject to equitable tolling.
>
> . . .
>
> ... Federal courts have typically extended equitable relief only sparingly. We have allowed equitable tolling in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass. We have generally been much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights.
>
> . . .

3

> Petitioner urges that his failure to file in a timely manner should be excused because his lawyer was absent from his office at the time that the EEOC notice was received, and that he thereafter filed within 30 days of the day on which he personally received notice. But the principles of equitable tolling described above do not extend to what is at best a garden variety claim of excusable neglect.

In *Flaherty v. Illinois Department of Corrections*, 1994 W.L. 687540 *2 (N.D. Ill. 1994) a factually similar case, the plaintiff alleged that he was misinformed by an employee of the district court clerk's office of the date by which a suit must be filed. The court declined to invoke the doctrine of equitable tolling:

> Flaherty's justification is more accurately described as "excusable neglect" than one appropriate for equitable tolling. Both right-to-sue letters from the EEOC clearly stated that Flaherty had 90 days to file suit. Implicitly, Flaherty was aware of this requirement since he contacted the clerk's office to inquire when the 90-day period ended. We cannot toll the statutory period on the basis of Flaherty's unsubstantiated allegations that the clerk's office told him the wrong date. Rather, for us to forgive his tardiness, Flaherty needs to present some verification that the error was the clerk's office, not his. If we allowed unsupported allegations of "clerk error" to toll the statutory period, plaintiffs could all to easily circumvent Congress' intent in having a 90-day limitations period.

The court further noted:

> Even if we accept Flaherty's assertions that he did make the calls, we have no way of knowing whether he provided the clerk's office with the correct information such that the clerk could calculate the days properly. Further, it seems apparent that plaintiff can count as well as a clerk.

4

In *Aljadir v. University of Pennsylvania*, 547 F. Supp. 667, 670 (E.D. Pa. 1982), *aff'd* 709 F.2d 1490 (3d Cir. 1983), the court likewise declined to invoke equitable tolling:

> ... It is uncontested that plaintiff received a right to sue letter on April 20, 1982 and that he declined to act on the letter until ninety-one days later. Plaintiff alleges that he failed to file his claim within the ninety day period as a result of incorrect information given to him by the Clerk's Office on the ninetieth day. This allegation does not amount to active deception by the defendant or extraordinary circumstances necessitating the plaintiff's delay in filing. Even by plaintiff's own admission, during the period from April 20, 1982 to July 19, 1982 he made no effort to file the complaint. Consequently, where the court has not been apprised of any equitable considerations which would prompt a tolling of the Title VII time limitations, defendant's motion to dismiss is granted.

In *Gonzalez-Aller Balseyro v. GTE Lenkurst, Inc.*, 702 F.2d 857, 859 (10th Cir. 1981), the court held that equitable tolling was applicable in that case because plaintiff had filed his right to sue letter and been advised in a letter from the clerk that filing the right to sue letter stops the time "until the individual involved has had an opportunity to obtain counsel." The right to sue letter was filed less than sixty (60) days after the plaintiff received it.

There is no evidence that plaintiff attempted to contact the clerk's office prior to January 10, 2000, the ninety-third (93rd) day after receipt her right to sue letter. At the time plaintiff spoke to the unidentified employee in the clerk's office, she was already aware that she had ninety (90) days in which to file her complaint. Plaintiff has not submitted an affidavit. Her brief, however, does not disclose what information she provided to the clerk's office when she first spoke with an employee of that office nor what she may have been told.

5

Plaintiff's ninety (90) day period was not equitably tolled and the complaint filed ninety-three (93) days after receipt of the right to sue letter was untimely.

Based on the foregoing defendant's motion for summary judgment is due to be GRANTED. A separate Final Judgment consistent with this Memorandum of Opinion will be entered simultaneously herewith.

As to the foregoing it is SO ORDERED this the 4th day of December, 2001.

```
                                    /s/ Paul W. Greene
                              _____
                                    PAUL W. GREENE
                              UNITED STATES MAGISTRATE JUDGE
```